[S. F. No. 6431.   In Bank.—January 14, 1913.]

COUNTY OF KINGS, and HANFORD SCHOOL DIS-
TRICT OF KINGS COUNTY, Petitioners, v. D. BUNN
REA, County Auditor of the County of Kings, Re-
spondent.

SCHOOL DISTRICT—BONDS—KIND OF MONEY IN WHICH BONDS ARE TO
BE PAID—ORDER OF BOARD OF SUPERVISORS.—There being no specific
requirement of the law declaring that bonds of a school district
shall be made payable in money of a particular form or kind, a
resolution of the trustees of the district, calling an election to de-
termine whether the bonds shall be issued, is sufficient, when it
provides for bonds payable in lawful money of the United States,
and supports a subsequent order of the board of supervisors direct-
ing the issuance of the bonds and making them payable in gold
coin of the United States.

ID.—ORDER FIXING TIME FOR INTEREST PAYMENT.—The board of super-
visors, after the election authorizing the issuance of such bonds, had
power to determine whether the interest thereon should be paid
annually or semi-annually, notwithstanding the resolution of the
board of trustees and the notice of the election was silent on that
subject.

APPLICATION for a Writ of Mandate to compel the re-
spondent, as auditor of the County of Kings, to sign and
attest certain bonds and interest coupons attached thereto of
the Hanford School District in Kings County issued by the
board of supervisors of said county on October 9, 1912.   The
auditor based his refusal to sign and attest such bonds and
coupons on the facts: (1), that the resolution and order of
the Board of Trustees of said school district, calling an elec-
tion to submit to the electors of the school district the ques-
tion whether such bonds should be issued, failed to provide
or specify the kind of money or currency in which said bonds
should be paid, and that the board of supervisors of said
county, in its resolution and order ordering the bonds issued,
provided that they should be paid in United States gold coin;
and (2), that the said order of the board of trustees of the
school district and the notice of said election failed to provide
when the interest on said bonds should be paid, whether annu-
ally, semi-annually, or otherwise, and that the said order of

the board of supervisors provided that the interest should be paid annually.

J, L. C. Irwin, for Petitioners.

H. Scott Jacobs, for Respondent.

HENSHAW, J., acting chief justice, delivered the opinion of the court. If those are your two propositions, I speak for the Court in saying that where there is no specific requirement of the law declaring that money of a particular form or kind shall be designated, it is a good bond and it is in full compliance with the law, when it calls for "lawful money of the United States."

And, second, it is clearly a power vested with the supervisors, after election, to determine whether the interest shall be paid semi-annually or annually. If those are your two propositions, they are resolved in favor of petitioner, and mandate will issue accordingly.